## SMITH v. KEGLEY.

Burden of Proof: INSTRUCTION AS TO : WHEN NOT REQUIRED. When there is no conflict in the evidence as to the only issue of fact involved, there can be no error in refusing to instruct as to the burden of proof. And, in this case, where the only issue was whether defendant had been employed by plaintiff for sixty-five or seventy-five dollars per month, and defendant testified that he told plaintiff that he would not work for less than seventy-five dollars, and that plaintiff told him to go on, and he would make it all right, and plaintiff testified, after giving his version of the transaction, that he would not swear that he had not made the statement attributed to him by defendant, *held* that the issue was established for defendant without conflict.

*Appeal from Story District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, MAY 16, 1889.

THIS is an action to recover one hundred and ten dollars, which the plaintiff alleges the defendant received as an employe of plaintiff, and converted to his own use. The defendant answered by a general denial. He admitted that he was a traveling salesman for plaintiff during the year 1887, at a salary of seventy-five dollars per month, and that he only had a sufficient amount of plaintiff's money in his hands to compensate him for his services. There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff appeals.

*Geo. A. Underwood,* for appellant.

*J. F. Martin,* for appellee.

ROTHROCK, J.—It is conceded that the defendant was in the employment of the plaintiff as a traveling salesman for the year 1886, at a salary of sixty-five dollars per month. Some days before January 1, 1887, the defendant inquired of the plaintiff what he intended to pay defendant as wages for the year 1887. This controversy between the parties arose over what occured at that interview. The parties were the only witnesses examined upon the trial, and the question the jury was required to determine was whether the wages of 1887 were to be sixty-five dollars or seventy-five dollars per month. If the contract was for sixty-five dollars per month, the defendant was indebted to the plaintiff in the sum of one hundred and ten dollars, and if the compensation was to be seventy-five dollars per month the plaintiff had no valid claim upon the defendant. The plaintiff requested the court to instruct the jury as follows : "The burden of proof is upon the plaintiff to establish by a preponderance of the evidence that the defendant has in his possession money belonging to him, as alleged in the petition; but when this is proved or admitted by defendant the burden of proof is on defendant to prove by a preponderance of the evidence the contract which he alleges in his answer, that his wages were to be seventy-five dollars per month for the time employed, in order to justify him in retaining the one hundred and ten dollars sued for." The court refused to give this instruction, and charged the jury, in substance, that under the issues joined the burden of proof was on the plaintiff to establish the allegations of his petition not admitted, by a preponderance of the evidence. It is claimed that these rulings of the court were erroneous. It will be observed that, according to the rule of the instruction which was refused, the plaintiff should have assumed the burden of proof in the opening of the case, and then, after proof or admission

that the defendant received the money, the burden was shifted on the defendant to show by the contract that he was to receive seventy-five dollars a month. It is doubtful whether, under the pleadings, there ought to have been any change of the burden of proof. There may be issues in cases where this is required, but we do not determine whether, under the pleadings in the case, the court should have adopted that rule, because, under the evidence, it was not a practical question in the case. The defendant testified as to the interview above mentioned as follows : " I told him I would not work for the same wages I had got in 1886; that I could do better. He figured a little and says : ' You see you have not earned me more than that; ' and I said that was immaterial; that I would work where I could do the best; that I was offered seventy-five dollars by other parties. We talked a little, and he got up and started out, saying : ' You go on and we will make that all right.' That is all the talk we had in regard to my year's salary." The plaintiff, in his examination in chief, claimed that the defendant demanded more wages, but that he did not agree to pay more, unless he (defendant) sold goods enough to justify the payment of a higher salary, and that defendant did not make him anything during the year, but, on the contrary, there was a loss of five hundred dollars on his employment. The plaintiff was called in rebuttal, and it appears from appellee's abstract that he then testified as follows : " Kegley told me he was offered more than sixty-five dollars a month. I am unwilling to swear that I did not tell him to go on and work, and I would make it all right. I can't answer ' Yes ' or ' No ' to that question." This statement of evidence in appellee's abstract is not denied, and it must be accepted as true. It is apparent, then, that there was no real conflict in the evidence. The plaintiff does not really contradict the testimony of the defendant, and there was no room for the application of any rule as to the burden of proof. The jury would not, under the evidence, have been warranted in finding for the plaintiff.                                    AFFIRMED.